**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-CR-44 ALM |
| | § | |
| PHILLIP MICHAEL BETZ | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 18, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Tracey Batson.

On February 16, 2006, Defendant was sentenced by the Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, to a sentence of fifteen (15) years imprisonment followed by a three (3) year term of supervised release for the offense of Felon in Possession of a Firearm. On September 27, 2016, pursuant to 18 U.S.C. § 3582(c)(2), Defendant was resentenced to Time Served.  On September 28, 2016, Defendant was released from imprisonment and began his term of supervision release. On March 8, 2018, jurisdiction of this case was transferred from the Eastern District of Missouri, to the Eastern District of Texas, and the case was assigned to the Honorable Amos L. Mazzant, III.

On July 9, 2018, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 4).  The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or

local crime; (2) Defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; (3) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (4) Defendant shall abstain from the use of alcohol and/or all other intoxicants; (5) Defendant shall participate in a mental health program approved by the United States Probation Officer. Defendant shall pay for the costs associated with the services provided based on a co-payment fee established by the United States, Probation Office. Co-payments shall never exceed the total costs of services provided; (6) Defendant will be monitored by the form of Voice Recognition location monitoring for a period of 180 days and must remain at his place of residence from 8:00 p.m. until 6:00 a.m., unless approved in advance by the U.S. Probation Officer. Defendant shall abide by the technology requirements. Defendant shall maintain a telephone at his residence without call forwarding, a modem, Caller I.D., call waiting, or portable cordless telephone for the above period; and (7) Defendant will be placed on home detention for a period of 136 days, to commence immediately. During this time, Defendant must remain at his place of residence from 8:00 p.m. until 6:00 a.m., unless approved in advance by the U.S. Probation Officer. Defendant may be required to maintain a telephone at his place of residence without call forwarding, a modem, Caller I.D., call waiting, or portable cordless telephones for the above period. At the direction of the probation officer, Defendant must wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant may be required to pay all or part of the cost associated with the electronic monitoring program.

The Petition alleges that Defendant committed the following violations: (1) On May 29, 2018, Defendant was issued a citation by Texas Department of Public Safety for No Driver License

when Unlicensed - Not CDL; (2) Defendant failed to submit to monthly supervision reports to the probation office by the fifth day of each month as directed by the probation officer for the months of May, June, August, September, October, November, and December, 2017; and January, February, May, and June, 2018; (3) On November 5, 2017, deputies with the Denton County, Texas, Sheriff's Office responded to a disturbance call at 380 Bar & Grill, Savannah, Texas, where an altercation was reported. Per the Call Report, Christy Owens was at the establishment with the defendant when she got into an altercation with another patron. Denton County Sheriff deputies made contact with Defendant and Ms. Owens in the parking lot of the establishment. Defendant was found to have a BB gun in his hand. Ms. Owens was arrested for Public Intoxication; (4) On July 5, 2018, Defendant verbally reported to his probation officer he became intoxicated and cut off his location monitoring transmitter; (5) Defendant failed to attend mental health treatment with Dr. Christen Clower, Ph., during the month of June, 2017. On October 24, 2017, Dr. Clower unsuccessfully discharged Defendant from mental health treatment due to his ongoing resistance to the treatment process. In June, 2017, Defendant failed to take prescription medication as directed and overdosed on amitriptyline, which he insisted was a reasonable way to "take a break." Defendant overtly stated to Dr. Clower that he believes his probation officer and Dr. Clower are lying to him and "talking behind his back." Defendant was not benefitting from treatment. On June 1, 2018, Defendant failed to take prescription medicaton as directed and overdosed on Trazadone in the lobby of the U.S. Probation Office. Defendant was taken to the hospital by ambulance; (6) On May 2, 2018, Defendant violated his curfew when he was questioned by Pilot Point Police Department during a traffic stop that occurred at 10:44 p.m., which is during a time Defendant was ordered to be at his residence. On May 14 and May 28, 2018, Defendant violated his Voice Recognition monitoring by failing to respond

to the monitoring calls. On May 29, 2018, Defendant violated his Voice Recognition monitoring by failing to pay his phone bill, which caused his phone service to be disconnected; and (7) Defendant was installed on location monitoring on July 5, 2018. On the same date, Defendant tampered with the equipment by cutting the monitoring transmitter device off his leg. Additionally, Defendant violated his curfew by not remaining at his place of residence from 8:00 p.m. until 6:00 a.m.

At the hearing, Defendant entered a plea of true to allegations 1, 2, and 4. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 18, 2018, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Carswell, if appropriate.

**SIGNED this 31st day of July, 2018.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE